UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

In re ) Case No. 06-20395-C-7
)
KJELDSEN JULLIUS WALTHALL, ) MC No. JMP-1
)
Debtor. )
_____)

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

These findings of fact and conclusions of law are rendered in this contested matter pursuant to Federal Rule of Civil Procedure 52 as incorporated by Federal Rules of Bankruptcy Procedure 7052 and 9014. Evidence was taken pursuant to Federal Rule of Civil Procedure 43(e), as incorporated by Federal Rule of Bankruptcy Procedure 9017 and as invoked by Local Bankruptcy Rule 9014(e).

### Jurisdiction

Jurisdiction is founded upon 28 U.S.C. § 1334. This is a core proceeding. 28 U.S.C. § 157(b)(2)(G).

## Findings of Fact

Debtor filed his voluntary chapter 7 petition on February 22, 2006. He scheduled real property commonly known as 900 Watt Avenue, Sacramento, California ("property") as property of the estate. The first meeting of creditors was held on March 21, 2006.

This is debtor's fourth bankruptcy case filed in less than one year. Debtor's first case (chapter 13 - case number 05-28876) was filed on July 21, 2005, and dismissed on the trustee's motion on October 3, 2005. Debtor's second case (chapter 13 - case number 05-38680) was filed on October 16, 2005, and again dismissed on the trustee's motion on February 9, 2006. Debtor's third case (chapter 13 - case number 05-40932) was filed on December 22, 2005, and dismissed on the trustee's motion on March 3, 2006. Prior to dismissal, HomEq Servicing Corporation ("movant") obtained relief from the stay with respect to the property in question. The instant chapter 7 case is debtor's fourth case and was filed on February 22, 2006.

On March 27, 2006, movant filed a motion, notice, and declaration requesting this court to order that the automatic stay does not apply to movant because it had previously obtained relief from stay during debtor's third bankruptcy case. 11 U.S.C. § 362(c)(3)(C)(ii). Movant alternatively requested that the automatic stay not apply at all due to the pendency of three prior bankruptcy cases during the one-year period preceding the current case - all of which were dismissed. 11 U.S.C. § 362(c)(3)(C)(I). Movant further

requested that sanctions be imposed against debtor and debtor's attorney based on debtor's bad faith filings.

On April 11, 2006, the court held an opposed hearing on the motion. The court entered its findings of fact and conclusions of law on the record.

Conclusions of Law

The automatic stay of acts against debtors *in personam* and of acts against property other than property of the estate continues until the earliest of the time when the bankruptcy case is closed, dismissed, or an individual in a chapter 7 case is granted a discharge. 11 U.S.C. § 362(c). The automatic stay may be terminated earlier if debtors fail to protect the secured party's interest adequately, § 362(d)(1), and, with respect to a stay of an act against property, debtors do not have equity in the property, § 362(d)(2)(A), and the property is not necessary to an effective reorganization. 11 U.S.C. § 362(d)(2)(B). The issue of whether the property is necessary to an effective reorganization is not considered in a chapter 7 case because no reorganization is contemplated in a chapter 7 case.

Under the new bankruptcy law, if a debtor files a case under chapter 7, 11, or 13, and if that same debtor had a case pending within the preceding one-year period but was dismissed, then the stay in the later filed case terminates with respect to the debtor on the 30th day after the filing of the later case. 11 U.S.C. § 362(c)(3)(A). The shortened stay may be extended in the later case upon a motion by a party in interest

who can demonstrate that the filing of the later case is in good faith as to the creditors to be stayed. 11 U.S.C. § 362(c)(3)(B). However, under 11 U.S.C. § 362(c)(3)(C), a case is presumptively not filed in good faith under certain circumstances.

Debtor's actions of filing three prior bankruptcy cases within one-year was presumptively not done in good faith. 11 U.S.C. § 362(c)(3)(C)(i)(I). Further propounding the lack of good faith is the fact that movant had obtained relief from stay during the pendency of debtor's third bankruptcy case. 11 U.S.C. § 362(c)(3)(C)(ii). Debtor did not rebut the presumption by clear and convincing evidence. 11 U.S.C. § 362(c)(3)(C).

At the hearing, the court indicated that it would award sanctions of $25,000 against the debtor. Upon further review of the record and applicable law, the court is persuaded that it should not award sanctions. The movant is oversecured and is presumptively in a position to recoup the consequences of the delay under applicable nonbankruptcy law. Therefore, to the extent the automatic stay may be in effect, relief from stay is GRANTED.

An appropriate order will issue.

Dated: April 14, 2006

UNITED STATES BANKRUPTCY JUDGE

Case 06-20395    Filed 04/14/06    Doc 26

**CERTIFICATE OF SERVICE**

       On the date indicated below, I served a true and correct copy(ies) of the attached document by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed and by depositing said envelope in the United States mail or by placing said copy(ies) into an interoffice delivery receptacle located in the Clerk's Office.

Kjeldsen Jullius Walthall
900 Watt Ave.
Sacramento, CA 95864-2860

Peter Macaluso
910 Florin Road #111
Sacramento, CA 95831-5259

Stephen Reynolds
P.O. Box 1917
Davis, CA 95617

Office of the United States Trustee
United States Courthouse
501 "I" Street, Suite 7-500
Sacramento, CA 95814

JaVonne M. Phillips
McCarthy & Holthus, LLP
1770 Fourth Ave.
San Diego, CA 92101

Dated: 4/17/06

_____
Deputy Clerk